ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 16-1006C

(Filed: February 1, 2017)

**(NOT TO BE PUBLISHED)**

FILED
FEB - 1 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JULIE BEBERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Julie Beberman, *pro se*, Arlington, Virginia.

Agatha Koprowski, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

ORDER

Pending before the court is plaintiff's motion for reconsideration of the court's decision and judgment entered December 8, 2016, dismissing plaintiff's complaint for lack of jurisdiction under 28 U.S.C. § 1500. *See Beberman v. United States*, 129 Fed. Cl. 539 (2016). In her motion, plaintiff argues that the claims raised in her case pending in the United States District Court for the District of the Virgin Islands rest on separate and independent operative facts from those alleged in her claim in this court, and under the res judicata test for evaluating claims, the alleged grounds asserted in the cases are distinct from each other. *See* Pl.'s Mot. for Recons. ("Pl.'s Mot."), ECF No. 16.

Plaintiff acknowledges that there is overlap between her claims in the instant case and those raised in her motion for preliminary injunction in the district court, which was denied but taken on appeal to the United States Court of Appeals for the Third Circuit. Pl.'s Mot. at 4-6. She emphasizes, however, that the overlapping facts "were not operative facts to be proven to prevail on the merits. Rather they were harms from which [plaintiff] sought preliminary injunctive relief [and pursued on appeal] while awaiting trial on the merits." *Id.* at 5-6. Plaintiff also emphasizes that the court should focus only on the allegations in her First Amended Complaint in the district court and not the allegations she sought to raise in later amended complaints. *Id.* at 6.

The distinctions plaintiff would draw between the district court action and that filed in this court are too tenuous. As this court pointed out, plaintiff's motion for preliminary injunction and consequent appeal were premised on the basic factual grounds of her action filed in this court. *See Beberman*, 129 Fed. Cl. at 543-44, 546-47.[1] That the facts alleged in her motion for preliminary injunction and argued to the Third Circuit extended beyond those in her First Amended Complaint in district court did not make a dispositive difference for purposes of Section 1500. The allegations in her motion and the ensuing appeal nonetheless were made in the district court case and were pending at the time her action was commenced in this court.[2]

For these reasons, plaintiff's motion for reconsideration is DENIED.[3]

It is so ORDERED.

Charles F. Lettow
Judge

---

[1] This court did concur with plaintiff that her "First Amended Complaint in the district court and appeal in the Third Circuit constitute[d] [the] earlier-filed pending suits," not her Fourth Amended Complaint in the district court, which that court had not granted leave to be filed. *See Beberman*, 129 Fed. Cl. at 545.

[2] As plaintiff has informed the court, *see* Pl.'s Notice of Third Circuit's Decision on Appeal, ECF No. 17, the Third Circuit subsequently affirmed the district court's denial of a preliminary injunction. *See Beberman v. United States Dep't of State*, __ Fed. Appx. __, No 16-1788, 2017 WL 117527 (3d Cir. Jan. 12, 2017).

[3] Notably, this court's dismissal on jurisdictional grounds based on Section 1500 was without prejudice. *See Beberman*, 129 Fed. Cl. at 548.